## 11470

### McCORMICK v. SHERWOOD LUMBER, ETC., CO.
### *IN RE* CAMERON-BARKLEY CO. v. SHERWOOD LUMBER CO.

#### (122 S. E., 493)

Creditor's Suit—Junior Creditor Cannot Impair Security of Senior Mortgage by Bringing Creditor's Bill and Deducting Expenses Thereof From Proceeds of Sale.—Where, after senior lien creditor commenced proceedings to foreclose his mortgage, junior creditors brought a creditor's bill and secured the appointment of a receiver and a sale of the property, the expenses of the creditor's bill, including receiver's compensation and attorney's fees, should not be paid prior to the senior mortgage.

Before N. G. Evans, Special Judge, Barnwell, January, 1923. Affirmed.

Actions by Harry J. McCormack against the Sherwood Lumber & Manufacturing Company and others, and by the Cameron-Barkley Company against the same defendants, in which G. M. Greene was appointed receiver. From the judgment rendered, receiver appeals.

*Mr. Charles Carroll Simms,* for G. M. Greene, Receiver, appellant, cites: *Trust estate must bear expense of administration:* 81 S. C., 499; 25 S. C., 496; 60 S. E., 878; 85 S. C., 71.

*Messrs. R. B. Herbert* and *H. N. Edmunds,* for respondent, cite: *Expense and fees of receivership cannot be charged against mortgaged property where mortgagee did not seek receivership:* Tardy's Smith on Receivers, 613; 186 Fed., 148; 63 S. W., 1048; 30 S. E., 579; 184 S. W., 359; 179 S. W., 862; 21 S. C., 162; 30 S. C., 489; 68 S. C., 218; 85 S. C., 72; 133 U. S., 82.

April 15, 1924.

The opinion of the Court was delivered by Mr. Justice Fraser.

Harry J. McCormack held a bond of Sherwood Lumber & Manufacturing Company for $15,000.00, secured by a

mortgage. He commenced proceedings to foreclose his mortgage. There were other creditors of the mortgagor who wanted their money. They brought a creditor's bill and asked for the appointment of a receiver and an attorney for the receiver. These motions were granted. They also took an order enjoining all other creditors from proceeding by separate suits. All of this was done without notice to the mortgagee, McCormack. McCormack came into the suit by the creditors and filed his claim. Special Judge N. G. Evans made a decree in the case in which he ordered a sale by the receiver of the mortgaged premises, with the usual provisions as to payment of taxes and the Master's costs to the receiver, then the payment of McCormack's mortgage debt, and the balance paid to such creditors as had proved their claims, and the receiver's fees and those of his attorney. The receiver and his attorney complain that his Honor erred in not requiring the expenses of the action, including compensation of receiver and attorney's fees, to be paid before any payment to McCormack. The mortgaged premises brought only $8,000.00.

We have been cited to no authority and we know of none that enables junior creditors to impair the security of a senior lien creditor by any proceedings in Court or cut of it. The case of *Shell v. Young*, 32 S. C., 462; 11 S. E., 299, holds the other way. If McCormack, the senior lien creditor, had asked for a receiver, it would have been different.

II. The appellant complains that Judge Evans overruled the order of Judge Shipp, appointing a receiver. There is no conflict; Judge Shipp did not pretend to determine any of the ultimate rights of the parties.

III. Appellant complains of the order settling the case on appeal. The case shows no error.

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.